# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

JEANNETTE HARVEY,

        Plaintiff,

v.

PIEDMONT HEALTHCARE, INC.,

   Defendant.
_____/

CASE NO.:

## COMPLAINT

Plaintiff, JEANNETTE HARVEY, sues the above captioned Defendant, PIEDMONT HEALTHCARE, INC., for discriminatory and retaliatory employment practices in violation of the Americans with Disabilities Act (ADA) 42 U.S.C. § 12101, et seq., and in support thereof, states as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 because Plaintiff's claim involves a federal question under 42 USC Section 12101 et seq.

2. This Court has personal jurisdiction over this action because Defendant operates substantial business in this district and the acts complained of occurred in this District from Defendant's facility and hospital located at 100 First Ct., Columbus, GA 31901.

3. Venue is proper to this Court pursuant to 28 U.S.C. 1391(b) because the acts complained of occurred in this District from Defendant's facility and hospital located at 100 First Ct., Columbus, GA 31901.

## THE PARTIES

4. Defendant, PIEDMONT HEALTHCARE, INC., is a Domestic Nonprofit Corporation and may be served through its Registered Agent, CSC of Cobb County, Inc., Physical Address: 192 Anderson Street, N.E., Suite 125, Marietta, GA, 30060.

5. Defendant is an employer with more than 15 employees and subject to the Americans With Disabilities Act of 1990 as an employer.

6. At all times relevant to this action, Plaintiff was an employee of Defendant working as a Nurse Tech until her unlawful termination on or about January 15, 2021.

## GENERAL ALLEGATIONS

7. Plaintiff filed a charge with the EEOC and has received a Right to Sue letter.

8. Plaintiff was employed with Defendant working in the healthcare industry as a Nurse Tech.

9. Plaintiff worked at Defendant's hospital, Piedmont Columbus Regional Northside Campus located at 100 First Ct., Columbus, GA 31901 from approximately January 13, 2020, to January 15, 2021.

10. In or about 2017, Plaintiff was diagnosed with Type II diabetes and has been seeing a specialist since then to treat her condition.

11. According to the CDC, people with Type II diabetes such as Plaintiff are in the category of adults of any age who are at an increased risk of severe illness from Covid 19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#diabetes; https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last accessed 3/2/21).

12. On or around July 8, 2020, Plaintiff presented to Defendant a note from her doctor stating that due to her medical condition she was not to work near Covid patients.

13. At Piedmont Columbus Northside, Plaintiff regularly worked on the 2nd Floor Northside where there were pre and post op surgery patients. She also would work on the 3rd floor where there were rehab patients and was also occasionally assigned to work shifts at Piedmont Medical Center, but not near Covid patients.

14. On or around January 12, 2021, Plaintiff arrived to work for her shift and was told that she would be working on the Covid floor. Plaintiff reminded the Nurse Supervisor that she could not work near Covid patients. The Nurse Supervisor then told her to call the Nurse Manager, Angela Williams and was then asked to go to Ms. William's office.

15. Mrs. Amanda was also present, and Plaintiff reminded them about her doctor's note. They stated they could not find the doctor's note.

16. Plaintiff had a copy of the note with her, gave it to them and they made another copy of the note.

17. Not knowing what to do, Ms. Williams then called her boss, Amanda MacDonald. She did not answer so Ms. Williams called Ms. MacDonald's boss, Mrs. Holly, also did not answer.

18. Ms. MacDonald then called back, said she was aware of Plaintiff's doctor's note, read the note to Ms. Williams and stated that she would then have to call her boss, Mrs. Holly.

19. Plaintiff then reiterated to Ms. Williams that she was not refusing to work, but that she could not work near Covid patients due to her medical condition.

20. Ms. Williams then told Plaintiff that Ms. MacDonald was going to put her foot down and that Plaintiff would have to work on the Covid floor.

21. Plaintiff was then told there was no work for her and to go home and wait for further instruction.

22. On January 15, 2021, Ms. Williams sent Plaintiff a text message asking her to give her a call.

23. Plaintiff called, and after a long pause which Ms. Williams used to get a witness on her side to listen to the conversation, she informed Plaintiff that her services were no longer needed.

24. Plaintiff's disability put her at an increased risk of developing a severe illness if she were to contract Covid.

25. Plaintiff was qualified to do the job as she had been doing the job before and during Covid, from January 2020 to January 2021.

26. Plaintiff was fired for not working on the Covid floor, even though accommodations could have been made for Plaintiff, such as working on the floor she usually worked on, working on the 3rd floor with rehab patients, or working at Piedmont Medical Center, but not near the Covid patients there.

27. Those are three alternative places Plaintiff could have worked which would have accommodated her disability, and all three of those are places where she had previously been assigned to work during her employment at Piedmont Columbus Northside.

## COUNT I
## DISCRIMIATION IN VIOLATION OF 42 U.S.C. § 12101, et seq.
## AMERICANS WITH DISABILITIES ACT OF 1990

28. The Plaintiff readopts and re-alleges the foregoing paragraphs as set forth fully herein and further alleges.

29. Plaintiff had a disability, specifically Type II diabetes.

30. Plaintiff was a qualified individual that was able to perform the essential functions of her job and did so for the previous year of her employment.

31. Plaintiff was discriminated against because of her disability by way of Defendant's failure to provide reasonable accommodation and ultimately terminating her employment.

32. Defendant has willfully and intentionally discriminated against Plaintiff in violation of the ADA.

33. Defendant's conduct was and is willful, wanton and intended to inflict financial and emotional harm upon Plaintiff.

34. As a result of Defendant's unlawful, discriminatory conduct, Plaintiff has suffered economic and non-economic harm, including pain and suffering, humiliation, and loss of income.

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION OF 42 U.S.C. § 12101, et seq. AMERICANS WITH DISABILITIES ACT OF 1990

35. Plaintiff readopts and re-alleges the allegations set forth in paragraphs 1 through 27 as if fully set forth herein, and further alleges:

36. Plaintiff made a request for an accommodation in January 2021.

37. Shortly thereafter, Plaintiff suffered an adverse action as her employment was terminated.

38. Plaintiff's request for an accommodation was the cause of her termination.

39. Defendant did not have a legitimate business reason for terminating Plaintiff's employment.

40. As a result of Defendant's unlawful retaliation, Plaintiff has suffered economic and non-economic damages, including loss of earnings and wages, pain and suffering and emotional harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for:

a. A ruling that Defendant has discriminated against Plaintiff in violation of the ADA;

b. A ruling that Defendant has retaliated against Plaintiff in violation of the ADA;

c. A ruling that Defendant's actions were willful, malicious, and intentional;

d. An award of all compensatory damages available including: back pay; and in lieu of reinstatement, front pay, damages for all pain and suffering, harm to reputation, mental anguish, humiliation, and embarrassment.

e. Pre-judgment interest;

f. A ruling that Defendant acted willfully, maliciously and with reckless disregard for Plaintiffs' rights and award Punitive damages;

g. An order or judgment awarding reasonable attorneys' fees and costs and expenses of this litigation;

i. That the Court award any other legal and equitable relief as this Court may deem fair and appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated June 3, 2022.

> ***/s/ Mitchell L. Feldman, Esq.***
> MITCHELL FELDMAN, ESQ.
> Georgia Bar No.: 257791
> 6916 W. Linebaugh Ave #101
> Tampa, FL 33625
> Tele: (877) 946-8293 - Fax: (813) 639-9376
> mfeldman@flandgatrialattorneys.com
> *Attorney for Plaintiff*